# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2020

Lyle W. Cayce
Clerk

No. 19-60817
Summary Calendar

GUY BARRON,

     Plaintiff - Appellant

v.

EQUIFAX INFORMATION SERVICES, L.L.C.; EXPERIAN INFORMATION SOLUTIONS, INCORPORATED,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-690

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Guy Barron sued several parties, including Equifax Information Services, L.L.C., and Experian Information Solutions, Inc., both of which are consumer credit reporting agencies. He alleged violations of the Fair Credit Reporting Act, specifically 15 U.S.C. §§ 1681e(b) and 1681i. The district court granted summary judgment for defendants. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60817

## FACTUAL AND PROCEDURAL BACKGROUND

Guy Barron had a Best Buy credit card through Citibank. Barron claims that Citibank wrongfully informed three consumer credit reporting agencies that he was late on the December 2015 payment due on the card. Barron alleged that this false report caused a loan application he made in March 2016 to be denied. After that denial, Barron disputed the late-payment notation with the reporting agencies. Prior to the judgment appealed here, Barron settled with Best Buy, Citibank, and a third consumer credit reporting agency, TransUnion LLC.

Both defendant agencies reinvestigated the delinquency with Citibank. They confirmed the information and notified Barron. Barron claims they failed to conduct a reasonable investigation. As for injury, Barron claims the late-payment notation on his credit file and subsequent denial of his loan application caused "great physical, emotional and mental pain and anguish."

After discovery, the district court granted summary judgment to the remaining two defendants. Barron appealed.

## DISCUSSION

Summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In reviewing such a judgment, we consider *de novo* whether the record reveals any such factual disputes and, if there are none, whether the movant was entitled to the judgment. *Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020). "We construe all facts and inferences in the light most favorable to the nonmoving party." *Id.*

Barron brought claims under two sections of the Fair Credit Reporting Act. We review the entry of judgment as to each.

2

## I.    *Section 1681e(b)*

Reporting agencies like these defendants are statutorily required to "follow reasonable procedures to assure maximum possible accuracy" in preparing consumer reports.  15 U.S.C. § 1681e(b).  The only evidence of a consumer report here is a letter denying Barron's loan application based on a consumer report provided by TransUnion, the credit reporting agency who settled with Barron.  We agree with the district court that because no evidence shows either of the remaining defendants prepared a relevant consumer report, the Section 1681e(b) claim fails.

## II.    *Section 1681i*

The Fair Credit Reporting Act requires that a credit reporting agency, upon receiving notice of a dispute from a consumer, conduct a reasonable reinvestigation of the information in that consumer's file.  *See* § 1681i(a)(1)(A).  Damages may be awarded to a consumer for injuries caused by a credit reporting agency's failure to comply with a requirement of the Act.  *See* § 1681o(a)(1).

It is not disputed that Barron sufficiently provided notice of a dispute. The issue is the reasonableness of the defendants' response.  Both defendants utilized the Automated Consumer Dispute Verification ("ACDV") system, which resulted in a contact with Citibank about the putative delinquency. Citibank responded that no change to the information previously reported needed to be made, and each defendant submitted that response to Barron. Barron was informed of other steps he could then take, such as contacting Citibank directly.  Instead, Barron filed this suit.

In district court, Barron argued that the reinvestigations by these defendants were unreasonable because they did not contact Best Buy directly. He claims that if they had, Best Buy would have informed them Barron did not

owe a debt.  The district court held that a reporting agency's reliance on the ACDV system is generally acceptable.  *See Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 754 (S.D. Tex. 2006), *aff'd*, 224 F. App'x 415 (5th Cir. 2007).  We agree with the district court that Barron has offered no reasonable factual basis for finding the defendants should have been on notice of a need to go beyond the ACDV system as to this dispute.

In addition, the district court found no evidence that a direct contact with Best Buy would have mattered.  In making that finding, the court referred to Best Buy's letter to Barron of August 4, 2016, after the defendants had reported the ACDV results to Barron.  That letter said Best Buy was "unable to change the information reported to the credit reporting agencies" because it was accurate.  Barron argues there were other letters from Best Buy that created a genuine dispute of material fact about what would have resulted had these defendants contacted Best Buy.  We agree with the district court that the other letters do not create a fact dispute.  Thus, even if a direct contact with Best Buy was a component of a reasonable reinvestigation in this case, there is no evidence that such a contact would have altered the defendants' conclusions about the information they already had.

Finally, Barron had no evidence that his alleged injuries were the result of the defendants' actions, which is required for his Fair Credit Reporting Act claims.  *See* § 1681o(a)(1).  As the district court concluded, even if Barron could show that the defendants' reinvestigations were unreasonable, he would still have to show that his alleged injury resulted from such deficiencies.  His loan application, though, clearly was denied because of a credit report from TransUnion, which is no longer a party.

AFFIRMED.